**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY OF NEW YORK a/s/o Somerset Hotel, LLC | Civil Action No.: |
| Plaintiff, | **COMPLAINT** |
| -against- | **JURY TRIAL DEMANDED** |
| T.E., LLC and TRAVELER ENTERPRISE, INC., | |
| Defendant. | |

Plaintiff GREAT AMERICAN INSURANCE COMPANY OF NEW YORK a/s/o Somerset Hotel, LLC, by and through its attorneys Canter Law Firm P.C., by way of a Complaint against the defendants T.E., LLC and TRAVELER ENTERPRISE, INC., states as follows:

## PARTIES

1. At all times hereinafter mentioned, plaintiff Great American Insurance Company of New York ("GAIC" or "Plaintiff"), was and is an New York Corporation with its principal place of business located at 301 E. 4th Street, City of Cincinnati, County of Hamilton, and State of Ohio.

2. At all times hereinafter mentioned, Plaintiff's Insured, Somerset Hotel, LLC ("Somerset" or "Subrogor"), was and is a Delaware Corporation with its principal place of business located at 110 Davidson Avenue, in the Community of Somerset, County of Somerset, and State of New Jersey.

3. At all times hereinafter mentioned, GAIC insured Somerset through insurance Policy No. MAC 1279059-00 and is subrogated to all of its rights and interests as a result of the water damage loss which occurred on or about July 26, 2016.

4. At all times hereinafter mentioned, T.E., LLC, ("TE") was and is a Virginia Limited Liability Company with its principal place of business located at 3905 Railroad Ave, Suite 202S, in the City of Fairfax, County of Fairfax, and State of Virginia

5. Upon information and belief, at all times hereinafter mentioned, Defendant TE transacts, solicits and does business in the State of New Jersey such that the traditional notions of fair play and substantial justice are not offended.

6. At all times hereinafter mentioned, TRAVELER ENTERPRISE, INC. ("Traveler Enterprise") was and is a Virginia Corporation with its principal place of business located at 3905 Railroad Ave, Suite 202S, in the City of Fairfax, County of Fairfax, and State of Virginia

7. Upon information and belief, at all times hereinafter mentioned, Defendant Traveler Enterprise transacts, solicits and does business in the State of New Jersey such that the traditional notions of fair play and substantial justice are not offended.

8. Upon information and belief, the officers and directors of T.E. are the same officers and directors of Traveler Enterprise.

9. Upon information and belief, T.E. and Traveler Enterprises utilize or utilized the same office and contact information.

10. Upon information and belief, T.E. is the successor in interest to Traveler Enterprise.

11. Upon information and belief, T.E. is the successor in fact to Traveler Enterprise.

12. Upon information and belief, T.E. expressly or impliedly agreed to assume the debts and liabilities of Traveler Enterprise.

13. Upon information and belief, T.E.'s relationship with Traveler Enterprise was a consolidation or merger, or amounts to a consolidation or merger.

14. Upon information and belief, T.E. is merely a continuation of Traveler Enterprise.

## JURISDICTION AND VENUE

15. The jurisdiction of this Court is invoked under 28 U.S.C. §1332 as plaintiff and defendants are citizens of different states and the amount in controversy exceeds the sum of Seventy-five Thousand and 00/100 Dollars ($75,000.00), exclusive of interest and costs.

16. Venue is properly made in this District pursuant to 28 U.S.C. §1391(b)(b) as a substantial part of the events or omissions giving rise to the claim occurred within this District.

## NATURE OF ACTION

17. Plaintiff seeks compensatory damages, together with any pre-judgment and post judgment, interest costs and disbursements of this action, from defendants for breach of contract and negligence.

## STATEMENT OF FACTS

18. Upon information and belief, at all times hereinafter mentioned, GAIC's subrogee operated a hotel know as Hotel Somerset Bridgewater located at 110 Davidson Avenue, in the Community of Somerset, County of Somerset, and State of New Jersey (the "Premises").

19. Upon information and belief, Traveler Enterprise, and now TE, operates a tour group business whereby it, *inter alia,* arranges for international guests to stay in hotels during tours it conducts of cities in the United State of America.

20. Upon information and belief, on or about March 21, 2016, Plaintiff's Subrogor, Somerset, entered into a "Group Sales Agreement" for valuable consideration with Traveler Enterprise whereby Somerset would hold a block of rooms for Traveler Enterprise's use (the "Agreement"), subject to certain terms and conditions.

21. The Miscellaneous & General Provisions section of the Agreement provides in pertinent part as follows:

3

> **DAMAGE CLAUSE:** In the unlikely event that damage to any Hotel property occurs as a result of any guest related to [Traveler Enterprise, Inc. ("Group")], ***Group agrees to assume all liability and expenses*** and agrees that, in addition to any other rights as against such guest or other, Hotel may change Group's Master Account or directly bill Group for all such charges. (emphasis supplied)

22. On or before July 26, 2016, Traveler Enterprise was housing guests of its tour group at the Premises, pursuant to the Agreement, including guests in Room 326 of the Premises.

23. On or about July 26, 2016, at or about 7:55 p.m. the Premises suffered a water infiltration due to the activation of a sprinkler head in the absence of fire in room 326.

24. Upon information and belief, the sprinkler head in room 326 activated due to a guest of Traveler Enterprise hanging clothing on the pendent sprinkler head located within the room.

25. As a direct and proximate result of the foregoing, the Premises and its contents sustained water damages, and Plaintiff's Subrogor suffered business interruption losses as a result of the water infiltration.

26. Plaintiff has requested that Traveler Enterprise reimburse Plaintiff for the losses caused by its guest, as is required by the Agreement, but Traveler Enterprises has refused to reimburse Plaintiff for the damages suffered by its Subrogor.

27. As a direct and proximate result of the foregoing, plaintiff was caused to pay an amount in excess of Three-Hundred Eighteen Thousand Nine-Hundred Ninety-Eight Dollars ($318,998.00) pursuant to the terms and conditions of its policy of insurance and plaintiff is now, therefore, subrogated to all of the rights and interests arising out of the incident that occurred on or about July 26, 2016.

28. As a direct and proximate result of the foregoing, plaintiff demands judgment in an amount to be determined at trial, but in excess of Three-Hundred Eighteen Thousand Nine-Hundred Ninety-Eight Dollars ($318,998.00), plus pre and post judgment interest and the costs necessitated by the bringing of this action.

## COUNT ONE
### (Breach of Contract)

29. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "28" of this complaint as if set forth herein in full.

30. Upon information and belief, pursuant to the Agreement, defendant Traveler Enterprise and/or TE, their agents, employees and representatives had a contractual obligation to reasonably and prudently ensure that guests of its tour group acted in a manner so as to avoid foreseeable damage to the Premises.

31. Upon information and belief, pursuant to the Agreement, defendant Traveler Enterprise and/or TE, their agents, employees and representatives had a further contractual obligation to reimburse Plaintiff's Subrogor for any damage caused to the Premises by their guests.

32. Upon information and belief, defendant Traveler Enterprise and/or TE, their agents, employees and representatives breached their contractual obligation by failing to reasonably and prudently ensure that guests of its tour group acted in a manner so as to avoid foreseeable damage to the Premises.

33. Upon information and belief, defendant Traveler Enterprise and/or TE, their agents, employees and representatives further breached their contractual obligation to reimburse Plaintiff for the damage caused to the Premises by their guests.

34. On or before July 26, 2016, Traveler Enterprise was housing guests of its tour group at the Premises, pursuant to the Agreement, including guests in Room 326 of the Premises.

35. On or about July 26, 2016, at or about 7:55 p.m. the Premises suffered a water infiltration due to the activation of a sprinkler head in the absence of fire in room 326.

36. Upon information and belief, the sprinkler head in room 326 activated due to a guest of Traveler Enterprise hanging clothing on the pendent sprinkler head located within the room.

37. As a direct and proximate result of the foregoing, the Premises and its contents sustained water damages, and Plaintiff's Subrogor suffered business interruption losses as a result of the water infiltration.

38. Plaintiff has requested that Traveler Enterprise reimburse Plaintiff for the losses caused by its guest, as is required by the Agreement, but Traveler Enterprises has refused to reimburse Plaintiff for the damages suffered by its insured.

39. Upon information and belief, Plaintiff's Subrogor was in compliance with all of its duties and obligations pursuant to the Agreement.

40. As a direct and proximate result of the foregoing, plaintiff was caused to pay an amount in excess of Three-Hundred Eighteen Thousand Nine-Hundred Ninety-Eight Dollars ($318,998.00) pursuant to the terms and conditions of its policy of insurance and plaintiff is now, therefore, subrogated to all of the rights and interests arising out of the incident that occurred on or about July 26, 2016.

41. As a direct and proximate result of the foregoing, plaintiff demands judgment in an amount to be determined at trial, but in excess of Three-Hundred Eighteen Thousand Nine-Hundred Ninety-Eight Dollars ($318,998.00), plus pre and post judgment interest and the costs necessitated by the bringing of this action.

## COUNT TWO
### (Negligence)

42. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "41" of this complaint as if set forth herein in full.

43. Upon information and belief, defendant Traveler Enterprise and/or TE, their agents, employees and representatives had a duty to reasonably and prudently ensure that guests of its tour group acted in a manner so as to avoid foreseeable damage to the Premises.

44. Upon information and belief, defendant Traveler Enterprise and/or TE, their agents, employees and representatives breached that duty by failing to reasonably and prudently ensure that guests of its tour group acted in a manner so as to avoid foreseeable damage to the Premises.

45. On or before July 26, 2016, Traveler Enterprise was housing guests of its tour group at the Premises, pursuant to the Agreement, including guests in Room 326 at the Premises.

46. On or about July 26, 2016, at or about 7:55 p.m. the Premises suffered a water infiltration due to the activation of a sprinkler head in the absence of fire in room.

47. Upon information and belief, the sprinkler head in room 326 activated due to a guest of Traveler Enterprise hanging clothing on the pendent sprinkler head located within the room.

48. As a direct and proximate result of the foregoing, the Premises and its contents sustained water damages, and Plaintiff's Subrogor suffered business interruption losses as a result of the water infiltration.

49. Upon information and belief, the aforementioned damages were caused solely by the negligence of Defendants, their agents, employees, representatives, and guests without any negligence on the part of Plaintiff or Plaintiff's Subrogor.

50. As a direct and proximate result of the foregoing, Plaintiff was caused to pay an amount in excess of Three-Hundred Eighteen Thousand Nine-Hundred Ninety-Eight Dollars ($318,998.00) pursuant to the terms and conditions of its policy of insurance and plaintiff is now, therefore, subrogated to all of the rights and interests arising out of the incident that occurred on or about July 26, 2016.

51. As a direct and proximate result of the foregoing, plaintiff demands judgment in an amount to be determined at trial, but in excess of Three-Hundred Eighteen Thousand Nine-Hundred Ninety-Eight Dollars ($318,998.00), plus pre and post judgment interest and the costs necessitated by the bringing of this action.

## JURY DEMAND

52. Plaintiff hereby demands a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

A. Judgment on all Counts against defendant T.E., LLC and TRAVELER ENTERPRISE, INC, in the sum of Three-Hundred Eighteen Thousand Nine-Hundred Ninety-Eight Dollars ($318,998.00);

B. Awarding Plaintiff interest on any amount to be paid to the Plaintiff at such rate as the Court shall determine to be appropriate;

C. Awarding Plaintiff the costs of this action together with reasonable attorney's fees as permitted by contract or statute;

D. Granting such other and further relief as this Court deems necessary and proper.

Dated: May 3, 2018
New York, NY

Respectfully submitted,

*[signature]*

Nelson E. Canter, Esq.
MCLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
Tel.: 212-448-1100
Fax: 212-448-0066
Email: ncanter@mclaughlinstern.com

9